**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:   (818) 347-4118
*Attorneys for Plaintiff*

**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 | Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org
*Attorneys for Defendants*, CITY OF LOS ANGELES, DANIEL RAMIREZ, JIM MCDONNELL, MATTHEW BARRAGAN, FLORENCE YU, ERROLL SOUTHERS, FABIAN GARCIA, MARIA CALANCHE and RASHA SHIELDS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA LARIOS ALVARADO, individually and as successor in interest to ALEXANDER AGUILAR-LARIOS, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, DANIEL RAMIREZ; JIM MCDONNELL; MATTHEW BARRAGAN; FLORENCE YU; ERROLL SOUTHERS; FABIAN GARCIA; MARÍA CALANCHE; RASHA SHIELDS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-07136-MAR<br>[*Honorable Mag. Margo A. Rocconi*]<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference:**<br>Date: October 22, 2025<br>Time: 11:00 AM<br>Location: Telephonic (via dial-in)<br><br>Roybal – Ctrm. 790 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and this Court's Order Setting Scheduling Conference (Doc. 14), the early meeting of counsel has been conducted between counsel for Plaintiff and counsel for Defendants. The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Rule 26(f) Report.

**A.     Statement of the Case:**

    1.     <u>Short Synopsis of Plaintiff's Claims for Relief:</u>

This civil rights and state tort action arises out of the June 11, 2024, fatal excessive and unreasonable officer-involved shooting of Decedent Alexander Larios, by Defendant Los Angeles Police Department Officers. At approximately 8:50 p.m., Decedent was a passenger in a vehicle when pulled over by officers. Decedent exited the vehicle and ran; pursued by Defendant Officers. Then Defendant Officers used deadly force against Decedent, without warning, while there were several reasonable alternatives available, and when Decedent was not an immediate threat of death or serious bodily injury to anyone. Decedent was shot in the back including while unarmed.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. §1983 against Defendants for Excessive Force, Denial of Familial Relationship, Ratification, Failure to Train, Unconstitutional Custom, Practice or Policy, and Plaintiff also brings causes of action under state law including Battery, Negligence, and violation of the Bane Act.

    2.     <u>Short Synopsis of Defendants' Affirmative Defenses:</u>

Defendants deny Plaintiffs' claims. Defendants further assert that their actions were lawful, the force used was objectively reasonable under the totality of the

circumstances and necessitated by the actions of the Decedent. Specifically, the Decedent fled from a vehicle which resulted in a foot pursuit while armed with a firearm and pointed it in the direction of officers, which created an immediate threat of death or serious bodily injury; a verbal warning was given prior to the use of force.

**B.	Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**C.	Legal Issues:**

1. Whether the Defendant Officers used excessive and/or unreasonable force against the Decedent.
2. Whether the City failed to adequately train its officers.
3. Whether the City ratified any unlawful conduct of its officers.
4. Whether any policy or custom of the City was the moving force resulting in a violation of the Plaintiff's and/or Decedent's rights.
5. Whether Defendant Officers were negligent toward the Decedent.
6. Whether the Decedent's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by the Defendants.
7. The nature and extent of Plaintiff's and Decedent's damages.
8. Whether Plaintiff is entitled to punitive damages.
9. Whether the Defendant Officer(s) are protected by the doctrine of qualified immunity.

10. Whether the individual members of the Board of Police Commissioners and the Chief of Police are protected by immunities.

**D.  Parties, Evidence, etc.:**

*Parties*: The parties are Plaintiff ESMERALDA LARIOS ALVARADO; and Defendants CITY OF LOS ANGELES, DANIEL RAMIREZ; JIM MCDONNELL; MATTHEW BARRAGAN; FLORENCE YU; ERROLL SOUTHERS; FABIAN GARCIA; MARÍA CALANCHE; RASHA SHIELDS.

*Witnesses*: The percipient witnesses include Los Angeles Police Department officers and investigators, county officials and investigators, and other personnel present at the scene of the incident. Other percipient witnesses include persons at the scene, names unknown to Plaintiff. Additional non-percipient witnesses may include expert witnesses and witnesses to Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all witnesses.

*Key Documents*: The key documents include City Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include City training policies and records; relevant portions of diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Plaintiff/Decedent caused by Defendants; Defendants' policies, procedures, and training documents; depositions of the parties and witnesses; responses to written discovery.

**E.  Damages:**

Plaintiff claims general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Decedent, and each Decedent's survival damages, including their pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiff

seeks punitive and exemplary damages against the individual Defendant Officers only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiffs believe a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the Decedents' severe pre-death pain and suffering, and based on the lifelong loss of her son, a reasonable jury could award in excess of $10,000,000 in this matter.

**F.     Insurance:**

The City of Los Angeles is permissibly self-insured pursuant to California Government Code § 990 *et seq*.

**G.     Procedural Motions:**

a)     Plaintiff: After review of the discovery material, Plaintiff will be able to determine whether it is necessary to name any Doe Defendants and whether there were any other violations of Plaintiff's rights by Defendants. Depending on that review, Plaintiff anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were otherwise responsible for the violation of Plaintiff's constitutional and state law rights.

b)     Defendants: Defendants intend to file a motion for summary judgment or, in the alternative, motion for partial summary judgment; Defendants intend to file a motion for judgment on the pleadings regarding the individual Defendants whose involvement is nothing more than as the Chief of Police (McDonnell) members of the Board of Police Commissioners (Barragan, Yu, Southers, Garcia, Calanche, and Shields).

Aside from the above, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties intend to file motions *in limine* including *Daubert* motions, and other pretrial motions as may be necessary.

H.  **Manual for Complex Litigation:**

The parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

I.  **Status of Discovery:**

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures and a mutually agreed upon discovery plan. No discovery has taken place at this time. Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on October 24, 2025.

J.  **Discovery Plan:**

FRCP 26(f)(3)(A):  The parties do not anticipate deviating from the requirements FRCP 26(a) and initial disclosures shall be filed forthwith.

FRCP 26(f)(3)(B):

a)  Plaintiff anticipates serving discovery on City and its officials for records regarding the incident and taking the depositions of involved officers and decision makers. Plaintiff may also seek to depose experts and the persons most knowledgeable of City training, policies and procedures and the investigation into this incident. Further, Plaintiff plans to retain several experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

b)  Defendants anticipate serving discovery on Plaintiffs regarding the incident and claimed damages, and taking the depositions of Plaintiff and her witnesses. Defendants intend to depose experts designated by Plaintiff. Defendants will serve written discovery on Plaintiff.

FRCP 26(f)(3)(C): The parties do not see any issues with electronically stored information pursuant to Rule 26(0(3)(c) in this case.

FRCP 26(f)(3)(D): The parties will file a Stipulated Protective Order.

FRCP 26(f)(3)(E): The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

**K.   Discovery Cut-off:**

The parties propose a fact discovery cut-off, including the resolution of all discovery motions, of June 19, 2026, which is also as set forth below.

**L.   Expert Discovery:**

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on July 3, 2026; Rebuttal Expert Disclosure on July 17, 2026; and Expert Discovery Cut-off of July 31, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth below.

**M.   Dispositive Motions:**

The parties have discussed potential motions and proposed the motion dates set forth in the attached schedule.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, and a reply shall be due two weeks thereafter, which is reflected in the proposed dates within.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

**N.   Settlement:**

The parties have not engaged in settlement discussions.

Plaintiff is willing to engage in early mediation.

The parties are agreeable to participating in ADR Procedure No. 3 (private mediation) with Richard Copeland.

**O.     Trial Estimate:**

The parties believe that this case can be tried in six to ten days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiffs contemplate calling approximately twelve (10) to twelve (12) witnesses for liability and damages.

Defendants contemplate calling approximately 10-12 witnesses for liability and damages.

**P.     Trial Counsel:**

Dale K. Galipo (Lead) and Marcel F. Sincich, of the Law Offices of Dale K. Galipo, will try this case for Plaintiff.

Ty A. Ford, Deputy City Attorney, for Defendants.

**Q.     Independent Expert:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R.     Timetable:**

Counsel have agreed to the dates in the Schedule of Pretrial Dates below, which takes into account the trial availability for all counsel.

**S.     Other Issues:**

The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

Respectfully submitted,

DATED: October 8, 2025          **LAW OFFICE OF DALE K. GALIPO**

By: /s/   Marcel F. Sincich
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

DATED: October 8, 2025          **HYDEE FELDSTEIN SOTO,** City Attorney
**DENISE C. MILLS,** Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Assistant City Attorney
**TY A. FORD, Deputy City Attorney**

By:   /s/   Ty A. Ford
Ty A. Ford
*Attorneys for Defendants*

## SCHEDULE OF PRETRIAL DATES

| Matter | Weeks before Trial | Plaintiff's Request | Defendants' Request | Court's Order |
|---|---|---|---|---|
| ☒ Jury Trial or ☐ Court Trial (**Monday at 9:00 a.m.**) Length: 6-10 days (8-10 mos. from Scheduling Conf.) | | 10/05/26 | 10/13/26 | |
| Final Pretrial Conference [L.R. 16] and Hearing on Motions *In Limine* (**Thursday at 10:00 a.m.**) | 2 | 09/17/26 | 09/24/26 | |
| Last Date to Conduct Settlement Conference | 16 | 06/22/26 | 06/22/26 | |
| Last Date to *Hear* Non-discovery Motions (**Thursdays at 10:00 a.m**.) | 9 | 08/06/26 | 08/06/26 | |
| Fact Discovery Cut-Off (including hearing all discovery motions) | | 06/19/26 | 07/10/26 | |
| Expert Discovery Cut-Off (including hearing all discovery motions) | | 07/31/26 | 07/31/26 | |
| Expert Disclosure (Rebuttal) | | 07/17/26 | 06/05/26 | |
| Expert Disclosure (Initial) | | 07/03/26 | 07/17/26 | |
| Last Date to Amend Pleadings or Add Parties | | 12/19/25 | 12/19/25 | |

ADR Settlement Choice:

　　☐ Magistrate Judge

　　☐ Attorney Settlement Officer Panel

　　☒ Private Mediation