**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney (SBN 192872)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 | Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org

*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ESMERALDA LARIOS ALVARADO, individually and as successor in interest to ALEXANDER AGUILAR-LARIOS, deceased,

Plaintiff,

v.

CITY OF LOS ANGELES, DANIEL RAMIREZ; JIM MCDONNELL; MATTHEW BARRAGAN; FLORENCE YU; ERROLL SOUTHERS; FABIAN GARCIA; MARÍA CALANCHE; RASHA SHIELDS; and DOES 1-10, inclusive,

Defendants.

CASE NO. 2:25-cv-07136-MAR
*Hon. Mag. Margo A. Rocconi; – Ctrm. 790*

**DEFENDANTS' NOTICE OF MOTION AND *SECOND* MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OTHER ALLEGED INCIDENTS, CLAIMS, LAWSUITS, SETTLEMENT, VERDICTS, JUDGMENTS, COMPLAINTS, ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS AND/OR OTHER ALLEGED INCIDENTS CONCERNING ANY OF THE DEFENDANTS**

*[Filed concurrently with [Proposed] Order]*

**FPTC:** September 23, 2026
**Time:** 11:00 A.M.
**Dept:** 790, Roybal

**Trial:** October 20, 2026
**Time:** 9:00 A.M.

TO THE HONORABLE COURT, PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants CITY OF LOS ANGELES and DANIEL RAMIREZ (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine*:

1. Not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any other Claims, Lawsuits, Settlements, Verdicts, Judgments, Complaints, Administrative Investigations or Proceedings and/or Other Alleged Incidents (including the so-called "Rampart Scandal", Consent Decree, Christopher Commission, the so-called "Code of Silence" and any other unrelated incidents concerning any of the Defendants or any other member of law enforcement);

2. To instruct and admonish the Plaintiff and her counsel and advise said counsel to instruct all witnesses to refrain from conveying to the jury directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

3. To refrain from making any reference to the fact that this Motion has been filed; and,

4. To warn and caution each of the witnesses to strictly follow the same instructions.

This Motion is made on the grounds that the issues above that Defendants seek to exclude are irrelevant to the issues in this case, and that if these matters were brought to the attention of the jury, Defendants would be substantially prejudiced by them, and such prejudice would not be cured by any instruction to the jury. These matters also should be excluded as they are inadmissible character evidence and inadmissible subsequent remedial measures. In addition, the details of administrative proceedings concerning LAPD officers are privileged and confidential and may not be divulged absent a waiver by both the accused employee and the City of Los Angeles.

Counsel met and conferred on Defendants' motions *in limine* on August 20, 2026. Plaintiff's counsel indicated that he did not intend to raise prior incidents involving the Defendant Officers, unless the "door was opened."

This Motion also is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Dated: August 26, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Assistant City Atty.
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney

By: Ty A. Ford
**TY A. FORD**, Deputy City Attorney
*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This matter arises from a fatal officer-involved shooting that occurred on June 11, 2024, and that involved police Officers of the Los Angeles Police Department. Plaintiff is the mother of the decedent, Alexander Aguilar.

Plaintiff's instant lawsuit alleging the wrongful death of her son Alexander Aguilar ("Mr. Aguilar" or "Decedent"), by an LAPD Officer, which occurred on June 11, 2024. On that date, LAPD Officers, including Defendant Officer Daniel Ramirez, were patrolling the San Fernando Gardens Public Housing Complex when they observed Mr. Aguilar enter a black BMC with a fanny pack, which Officers believed from experience to be the type of bag used by gang members to carry and conceal firearms in this area. The Officers followed the vehicle, and then Officer Mata observed Mr. Aguilar exit the vehicle with a handgun in his right hand. Officer Mata yelled "*Gun! Gun! Gun! Gun!*" to his partner officers, Officer Ramirez and Officer Cervantes. Mr. Aguilar began to run into the housing complex, which consisted of numerous buildings. Officer Ramirez exited the LAPD vehicle and began to run after Mr. Aguilar, and was soon followed by Officers Mata and Cervantes on foot. As he followed Mr. Aguilar behind a purple van, Officer Ramirez observed that Mr. Aguilar remained armed, and Officer Ramirez unholstered his service pistol. Fearing that he could be shot by Mr. Aguilar, Officer Ramirez pointed his firearm in the direction of Mr. Aguilar, as they both continued in the foot pursuit at a distance of approximately 30 feet separating them. Mr. Aguilar continued to run in a southeast direction, and Officer Ramirez yelled to him, "*Stop or I'll shoot you!*" Mr. Aguilar continued running and then stumbled on a concrete pad, and his body rotated counterclockwise in the direction of Officer Ramirez while still holding his gun. Mr. Aguilar then rolled on his hip area, braced his fall with his right arm, and then regained his balance while still gripping his handgun. Officer Ramirez reasonably perceived that Mr. Aguilar was pointing his firearm at him and intended to shoot him. By the time Mr. Aguilar regained his footing,

he was approximately 14 feet from Officer Ramirez, still holding the handgun. Based on the totality of the circumstances, Officer Ramirez fired four rounds in a time period of 1.04 seconds towards Mr. Aguilar, and between each round, Officer Ramirez reasonably believed Mr. Aguilar to posed a continuous threat of death or serious bodily injury. Mr. Aguilar was struck by one round, fell to the ground, and dropped his firearm. Officer Ramirez ceased firing his handgun. Mr. Aguilar was treated at the scene by LAFD paramedics and transported to the hospital, where he was pronounced dead. Mr. Aguilar's firearm was located in the grass and found to have been loaded.

Plaintiff alleges that the Officers used excessive deadly force and wrongfully cause the death of Mr. Aguilar in violation of federal and state laws. Plaintiff also alleges that the City of Los Angeles is vicariously liable under state law. Plaintiff seeks compensatory and punitive damages.

Defendants request that this Court issue an order excluding evidence concerning any other claims, lawsuits, settlements, verdicts, judgments, complaints, LAPD administrative investigations or proceedings, including the Force Investigation Division ("FID") investigation and report, and/or other alleged incidents (including but not limited to the so-called "Rampart Scandal", Consent Decree, Christopher Commission and so-called "Code of Silence") concerning any of the Defendants or any other member of law enforcement. Federal Rules of Evidence (hereinafter "FRE"), Rules 401, 402, 403, 404, and 407. There have been several local and national incidents involving law enforcement officers' actions that have taken center stage in the news and commented upon by the public, including actors, politicians and other public figures. This trial is about what happened during the incident with Alexander Aguilar, not what may or may not have happened at some other time with some other person(s). The categories of items that Defendants seek to exclude are irrelevant to the issues of liability in this case. The jury in this case should not be allowed to base their decision, in whole or in part, as to whether Defendant Officer Ramirez used unreasonable force against Mr. Aguilar based on what happened in some other alleged incident or what has

been discussed in the media. In addition, the prejudicial impact on Defendants of allowing this type of evidence substantially outweighs any possible probative value. Such evidence or references would serve no purpose other than to confuse the issues and enrage and mislead the jury, and could lead to a series of trials within this trial and calling numerous witnesses unrelated to this incident.

In addition to being irrelevant and prejudicial, any LAPD administrative investigations, including the FID investigation and report, are privileged and confidential and not subject to disclosure absent a waiver by both the accused employee and the City of Los Angeles. This evidence also is inadmissible character evidence and inadmissible subsequent remedial measures. Accordingly, such evidence and references should be excluded from this trial.

## II. <u>ANY EVIDENCE OF OTHER CLAIMS, LAWSUITS, SETTLEMENTS, VERDICTS, JUDGMENTS, COMPLAINTS, LAPD ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS, AND/OR OTHER ALLEGED INCIDENTS IS IRRELEVANT AND SHOULD BE EXCLUDED FROM THIS TRIAL.</u>

Federal Rule of Evidence, Rule 402, states in relevant part that, ". . . Evidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The issue that they jury will be asked to determine in this trial, particularly the liability phase, is whether Defendant Officer Ramirez used unreasonable force when they believed that Mr. Aguilar posed an imminent deadly threat to themselves and others and they used deadly force against Mr. Aguilar. Evidence of or reference to any other claims, lawsuits, settlements, verdicts, complaints, LAPD administrative investigations or proceedings (including the FID investigation and report) and/or other alleged incidents (including the so-called "Rampart Scandal", Consent Decree, Christopher Commission and so-called "Code of Silence") concerning

any of the Defendants or any other member of law enforcement, locally or nationally, is irrelevant to the issue to be determined in this case. This type of evidence has no factual connection to what occurred during this incident and it does not prove or disprove any disputed fact of consequence in the present case.

The Rampart incidents occurred in the late 1990s, and the Christopher Commission report was published in 1991 after the Rodney King incident. In addition, the “Code of Silence” is a termed coined by the media. None of these events or media-created terminology have any bearing whatsoever on this incident, which occurred in 2016, almost 25 years *after* these alleged scandals. Judge Fees also dismissed the Consent Decree in 2013. None of these items have anything whatsoever to do with this case and should be excluded.

Any administrative investigations or proceedings, including the FID investigation and report, involving the Defendant Officers or other LAPD Officers have no bearing on this case and will not prove or disprove that Defendants allegedly violated Plaintiff’s and/or Mr. Aguilar’s rights under federal or state law. These administrative investigations or proceedings also do not prove or disprove whether the City of Los Angeles has a custom, practice of policy that caused Plaintiff’s alleged constitutional violations. The LAPD’s FID responds to all the officer-involved shootings and obtains evidence and statements that are reviewed administratively by the LAPD to determine whether LAPD policies and procedures were followed. This administrative process does not concern itself with whether state or federal laws were violated. The standards governing administrative investigations and proceedings, and how they are conducted, are markedly different from the Federal Rules of Civil Procedure or any other rule governing civil litigation. Further, a finding that an employee violated some administrative policy or procedure does not automatically make the employee legally liable for the same conduct. Conversely, a finding that an employee did *not* violate any administrative policies or procedures does not automatically make the employee *not* liable under federal or state law. In addition, the decision whether to have an attorney

present or not during an administrative proceeding has no bearing on liability. There are no claims in this case to which such evidence would be even remotely relevant. Allowing such information to come into evidence further would invade the province of the jury, who is the fact finder in this case, not some administrative body.

Thus, Defendants respectfully request that evidence of or reference to any other claims, lawsuits, settlements, verdicts, judgments, complaints, LAPD administrative investigations or proceedings (including the FID investigation and report) and/or other alleged incidents (including the so-called "Rampart Scandal," Consent Decree, Christopher Commission and so-called "Code of Silence") concerning any of the Defendants or any other member of law enforcement be excluded as it is irrelevant and inadmissible. Plaintiff also should not be allowed to ask any witnesses, including any of Defendants' expert witnesses, about these incidents. Plaintiff's witnesses, including expert witnesses, also should be informed outside the presence of the jury that such incidents should not be referred to in front of the jury.

## III. THE PROBATIVE VALUE OF OTHER CLAIMS, LAWSUITS, SETTLEMENTS, VERDICTS, JUDGMENTS, COMPLAINTS, LAPD ADMINISTRATIVE INVESTIGATIONS OR PROCEEDINGS, AND/OR OTHER ALLEGED INCIDENTS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNDUE PREJUDICE, MISLEADING THE JURY, AND CAUSING UNDUE DELAY AND WASTE OF TIME.

Federal Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . .." Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. *Young*, supra, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise

irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. (*U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464).

Even if evidence of any other claims, lawsuits, settlements, verdicts, judgments, complaints, LAPD administrative investigations or proceedings (including the FID investigation and report) and/or other alleged incidents (including the so-called "Rampart Scandal", Consent Decree, Christopher Commission and so-called "Code of Silence") concerning any of the Defendants or any other member of law enforcement were somehow relevant in this case, this evidence should be excluded under FRE 403 as any probative value is substantially outweighed by the danger of undue prejudice, misleading the jury, and causing undue delay and waste of time.

The introduction of evidence of or reference to other verdicts, settlements or judgments would be unduly prejudicial to Defendants as the jurors may subconsciously infer, even if instructed otherwise, that the monetary value of the instant case is the same as in earlier verdicts, settlements or judgments.

Moreover, any alleged scandals involving Defendants or the Los Angeles Police Department, including the Consent Decree, the Christopher Commission Report, the alleged "Rampart Scandal", the Chemerinsky Report, and the so-called "Code of Silence", have generated considerable negative media coverage against the City of Los Angeles and the Los Angeles Police Department. There also have been several local and national incidents involving law enforcement officers' actions that have taken center stage in the news and commented upon by the public, including actors, politicians and other public figures. The concern is that jurors in this case may be influenced by the negative media coverage and that they may be induced to make an emotional decision as a result of a visceral reaction to the other alleged incidents. Thus, making reference to such topics during the trial in this case would be unduly inflammatory and would result in extreme prejudice to Defendants. Allowing this evidence or references also would only serve to confuse the issues as jurors may feel

compelled to spend their time deliberating the other alleged incidents and ignore the evidence relevant to this case. Such evidence or references also may cause the jury to render a decision which reflects their view of these other alleged events in general. Constant reference to the subject items could certainly mislead the jury and could unduly prolong the trial and waste valuable judicial resources, as Defendants would be forced to rebut such evidence, which has no correlation to the facts of this case.

If evidence of or reference to other alleged incidents were permitted, Defendants would have to bear the burden of defending themselves against not only the specific allegations of Plaintiff's action, but also against the vague, incomplete and unreliable hearsay allegations contained in the other claims. The waste of judicial time involved in holding a "mini-trial" on each and every incident cannot be justified. Further, in order to minimize the prejudicial effect of other alleged claims or lawsuits, Defendants would have to defend themselves regarding each claim and would have to call numerous witnesses to testify about matters that bear little or no relationship to the instant litigation. A number of courts, when confronted with similar evidence, have found that the waste of judicial time and resources and the danger of jury confusion has dictated the exclusion of such evidence. The admission of such evidence also would create the potential danger for jurors to subconsciously infer that because other lawsuits or claims existed, Defendants must be liable here.

Federal case law further supports exclusion of evidence pertaining to whether any individual police officer violated department policies. For example, in *Maddox v City of Los Angeles* (9th Cir. 1986) 792 F.2d 1408, 1417, the Court held that the admission into evidence of a Los Angeles Police Department internal affairs investigation, wherein the officer in question admitted to violating the City's policy on chokeholds, would unfairly prejudice the jury.

The jury might have inferred that the Defendant Officers guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings. The jury might have given unfair or undue weight to this evidence or they might have been

confused as to the relevance of this evidence.

Reference to administrative investigations and proceedings, such as the FID investigation and proceedings, would only serve to confuse the issues and mislead the jury. The jurors may be distracted by the administrative process and may be unable to distinguish between the civil process and the administrative process. The jury also may be induced to make an emotional decision as a result the manner of and/or the outcome of any administrative investigations or proceedings. Further, reference to any administrative investigations or proceedings also would be unduly inflammatory and would result in undue prejudice to Defendants, as it would color the jury's impressions of Defendants. Moreover, reference to administrative proceedings could unduly prolong the trial and waste valuable judicial resources, as Defendants would be forced to rebut such evidence and would have to spend considerable time explaining a process and a policy, which have no bearing on the outcome of this case.

## IV. EVIDENCE REGARDING PRIOR INCIDENTS AND/OR ADMINISTRATIVE PROCEEDINGS ALSO SHOULD BE EXCLUDED UNDER FRE 404.

FRE 404 precludes the use of character evidence to prove wrongful conduct on a specified occasion. Thus, Plaintiff cannot use any prior alleged incidents and/or administrative proceedings concerning any of the Defendants to prove that Defendant Officer Ramirez violated any law when he shot Mr. Aguilar. Each case is separate and must be tried on its own merits. The jury is to determine the objective reasonableness of that Defendant Officer Ramirez's actions based on what happened during *this* incident. Accordingly, evidence of any other alleged incident or administrative proceeding should be excluded from this trial.

## V. FURTHER, ADMINISTRATIVE INVESTIGATIONS ARE PRIVILEGED AND CONFIDENTIAL AND ARE NOT SUBJECT TO DISCLOSURE ABSENT A WAIVER BY BOTH THE ACCUSED EMPLOYEE AND THE CITY OF LOS ANGELES.

Further, administrative investigations are privileged and confidential and are not subject to disclosure absent a waiver by both the accused employee and the City of Los Angeles. *See* Cal. Gov. Code, §§ 832 et seq.; Cal. Evid. Code §§ 1043 and 1046; *Davis v. City of San Diego*, 106 Cal.App.4th 893 (Cal. Ct. App. 2003). California places a high priority on preserving the privacy of various personnel records, California Constitution, Article I, Section I; Civil Code Section 1798, et seq. Among those protected records are peace officer personnel records, which are privileged and confidential pursuant to Penal Code Section 832.7 and are protected by the constitutional right to privacy. *City and County of San Francisco v. Superior Court* (1981) 125 Cal.App.3d 879, 882. "[Section] 832.7 is part of a statutory scheme enacted to protect peace officers' interest in privacy to the fullest extent possible." *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1301; internal quotations omitted. There are specific requirements that a person must meet in order to obtain copies of those records, if they are released at all. Cal. Evid. Code §1040 et seq. Administrative investigations and proceedings are subject to the official information privilege and are maintained as part of an employee's personnel records.

Finally, the statements of any involved Officers from the subject incident should not be disclosed, especially since their statements are compelled and protected under the 5th Amendment privilege against self-incrimination. In California, public safety officers may be compelled to give statements against their interest. Los Angeles Police Officers are public safety officers. *See* California Government Code § 3301. This typically occurs in conjunction with an administrative investigation into the actions of one or more officers. Under the direction of their union representative, officers decline to give a voluntary statement during the investigation, and they are then ordered to provide a compelled statement pursuant to *Lybarger v. City of Los Angeles* (1985) 40 Cal. 3d 822, 221 Cal. Rptr. 529. Officers are told ". . . among other things, that although [they have] the right to remain silent and not incriminate [themselves], (1) [their] silence could be deemed insubordination, leading to administrative discipline,

and (2) any statement made under the compulsion of the threat of such discipline could not be used against [them] in any subsequent criminal proceedings." *Lybarger, supra,* 40 Cal. 3d at 829. Such occurred in this case when the FID conducted an investigation into the actions of the involved Officers. While Plaintiff obtained copies of the FID report and investigation pursuant to a protective order, Defendant Officer Ramirez still has a right to privacy regarding their personnel records, which they have not and will not waive. The City of Los Angeles also has an official privilege from disclosing those records, which it will not waive.

## VI. EVIDENCE REGARDING ADMINISTRATIVE PROCEEDINGS ALSO SHOULD BE EXCLUDED UNDER FRE 407.

Federal Rules of Evidence 407 establishes that when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct. The Ninth Circuit has held that evidence pertaining to a police department's administrative investigation and disciplinary proceedings are subsequent remedial measures under Rule 407 and should therefore be excluded to prove liability as it pertains to an individual officer's actions. *Maddox v City of Los Angeles, supra,* 792 F.2d at 1417. Therefore, as was the case in *Maddox*, evidence of any LAPD administrative proceedings, investigation or its review of the use of force incident should be excluded to prove liability as to Defendant Officer Ramirez.

## VII. CONCLUSION.

For the foregoing reasons, Defendants respectfully request that the Court issue an order precluding the Plaintiff, her counsel and their witnesses from introducing any evidence relating to or reference to any other claims, lawsuits, settlements, verdicts, judgments, complaints, administrative investigations or proceedings and/or other alleged incidents (including the so-called "Rampart Scandal", Consent Decree, Christopher Commission, the so-called "Code of Silence") concerning any of the Defendants or any other member of law enforcement. This request extends to

Plaintiff's counsel questioning any of Defendants' expert and non-expert witnesses about these matters.

Dated: August 26, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Assistant City Atty.
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney

By: Ty A. Ford
**TY A. FORD**, Deputy City Attorney
*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ