**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney (SBN 192872)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 | Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org

*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ESMERALDA LARIOS ALVARADO, individually and as successor in interest to ALEXANDER AGUILAR-LARIOS, deceased,

Plaintiff,

v.

CITY OF LOS ANGELES, DANIEL RAMIREZ; JIM MCDONNELL; MATTHEW BARRAGAN; FLORENCE YU; ERROLL SOUTHERS; FABIAN GARCIA; MARÍA CALANCHE; RASHA SHIELDS; and DOES 1-10, inclusive,

Defendants.

CASE NO. 2:25-cv-07136-MAR
*Hon. Mag. Margo A. Rocconi; – Ctrm. 790*

**DEFENDANTS' NOTICE OF MOTION AND *THIRD* MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF NATIONAL EVENTS AND STATISTICS**

*[Filed concurrently with [Proposed] Order]*

**FPTC:** September 23, 2026
**Time:** 11:00 A.M.
**Dept:** 790, Roybal

**Trial:** October 20, 2026
**Time:** 9:00 A.M.

TO PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendants CITY OF LOS ANGELES, et al. (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine*:

1. Not to mention, refer to, interrogate concerning, nor convey to the jury any

evidence concerning any national events and media involving law enforcement, including but not limited to Rodney King, "Los Angeles May Day", the Ferguson incident, Eric Garner, Freddie Gray, Ezell Ford, George Floyd, Breonna Taylor, or any protests concerning the police or law enforcement;

2. Not to mention, refer to, interrogate concerning, nor convey to the jury any evidence concerning any national, regional or local statistics regarding the number of deaths of civilians in officer involved shootings;

3. To instruct and admonish the Plaintiff and her counsel and advise said counsel to instruct all witnesses to refrain from conveying to the jury directly or indirectly, any of the facts mentioned in this Motion without first obtaining permission of the Court outside the presence and hearing of the jury;

4. To refrain from making any reference to the fact that this Motion has been filed; and,

5. To warn and caution each of the witnesses to strictly follow the same instructions.

This Motion is made on the grounds that the issues above that Defendants seek to exclude are irrelevant to the issues in this case, and that if these matters were brought to the attention of the jury, Defendants would be substantially prejudiced by them, and such prejudice would not be cured by any instruction to the jury. These matters also should be excluded as they are inadmissible character evidence.

///

///

///

///

///

///

///

///

Counsel met and conferred on Defendants' motions *in limine* on August 20, 2026. The parties were unable to completely resolve the substance of this motion. This Motion also is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Dated: August 26, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Assistant City Atty.
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney

By: Ty A. Ford
**TY A. FORD**, Deputy City Attorney
*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

This matter arises from a fatal officer-involved shooting that occurred on June 11, 2024, and that involved police Officers of the Los Angeles Police Department. Plaintiff is the mother of the decedent, Alexander Aguilar.

Plaintiff instant lawsuit alleging the wrongful death of her son Alexander Aguilar ("Mr. Aguilar" or "Decedent"), by an LAPD Officer, which occurred on June 11, 2024. On that date, LAPD Officers, including Defendant Officer Daniel Ramirez, were patrolling the San Fernando Gardens Public Housing Complex when they observed Mr. Aguilar enter a black BMC with a fanny pack, which Officers believed from experience to be the type of bag used by gang members to carry and conceal firearms in this area. The Officers followed the vehicle, and then Officer Mata observed Mr. Aguilar exit the vehicle with a handgun in his right hand. Officer Mata yelled "*Gun! Gun! Gun! Gun!*" to his partner officers, Officer Ramirez and Officer Cervantes. Mr. Aguilar began to run into the housing complex, which consisted of numerous buildings. Officer Ramirez exited the LAPD vehicle and began to run after Mr. Aguilar, and was soon followed by Officers Mata and Cervantes on foot. As he followed Mr. Aguilar behind a purple van, Officer Ramirez observed that Mr. Aguilar remained armed, and Officer Ramirez unholstered his service pistol. Fearing that he could be shot by Mr. Aguilar, Officer Ramirez pointed his firearm in the direction of Mr. Aguilar, as they both continued in the foot pursuit at a distance of approximately 30 feet separating them. Mr. Aguilar continued to run in a southeast direction, and Officer Ramirez yelled to him, "*Stop or I'll shoot you!*" Mr. Aguilar continued running and then stumbled on a concrete pad, and his body rotated counterclockwise in the direction of Officer Ramirez while still holding his gun. Mr. Aguilar then rolled on his hip area, braced his fall with his right arm, and then regained his balance while still gripping his handgun. Officer Ramirez reasonably perceived that Mr. Aguilar was pointing his firearm at him and intended to shoot him. By the time Mr. Aguilar regained his footing, he was approximately 14 feet

from Officer Ramirez, still holding the handgun. Based on the totality of the circumstances, Officer Ramirez fired four rounds in a time period of 1.04 seconds towards Mr. Aguilar, and between each round, Officer Ramirez reasonably believed Mr. Aguilar to posed a continuous threat of death or serious bodily injury. Mr. Aguilar was struck by one round, fell to the ground, and dropped his firearm. Officer Ramirez ceased firing his handgun. Mr. Aguilar was treated at the scene by LAFD paramedics and transported to the hospital, where he was pronounced dead. Mr. Aguilar's firearm was located in the grass and found to have been loaded.

Plaintiff alleges that the Officers used excessive deadly force and wrongfully cause the death of Mr. Aguilar in violation of federal and state laws. Plaintiff also alleges that the City of Los Angeles is vicariously liable under state law. Plaintiff seeks compensatory and punitive damages.

There have been several well-publicized national events involving law enforcement in the media including but not limited to "Rodney King," "the Los Angeles May Day" "Ferguson," "Eric Garner," "Ezell Ford," "Freddie Gray," "George Floyd," "Breonna Taylor," and other local and national protests concerning the police. The media generally portrays law enforcement negatively in these instances and many of these events are racially charged. Federal Rules of Evidence (hereinafter "FRE"), Rules 401, 402, 403 and 404.

There have been several local and national incidents involving law enforcement officers' actions that have taken center stage in the news and commented upon by the public, including actors, politicians, and other public figures. This trial is about what happened during the incident with Alexander Aguilar, not what may or may not have happened at some other time with some other person(s). The categories of items that Defendants seek to exclude are irrelevant to the issues of liability in this case. The jury in this case should not be allowed to base their decision, in whole or in part, as to whether Defendant Officer Ramirez used unreasonable force against Alexander Aguilar

based on what happened in some other alleged incident or what has been discussed in the media.

In addition, the prejudicial impact on Defendants of allowing this type of evidence substantially outweighs any possible probative value. Any reference, questioning or testimony about any unrelated, racially charged national events or statistics in this officer involved shooting case would undoubtedly cause jury confusion and inflame the emotions of the jury. Such evidence or references would serve no purpose other than to confuse the issues and enrage and mislead the jury, and could lead to a series of trials within this trial and calling numerous witnesses unrelated to this incident. This type of evidence also is inadmissible character evidence.

Accordingly, such evidence and references should be excluded from this trial.

## II. <u>EVIDENCE OF ANY NATIONAL EVENTS, REPORTED IN THE MEDIA OR ELSEWHERE, AND STATISTICS IS IRRELEVANT AND SHOULD BE EXCLUDED FROM THIS TRIAL.</u>

Federal Rule of Evidence, rule 402, states in relevant part that, ". . . Evidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The issue that they jury will be asked to determine in this trial, particularly the liability phase, is whether Defendant Officer Ramirez used unreasonable force he believed that Alexander Aguilar posed an imminent deadly threat to himself and others and they used deadly force against Alexander Aguilar. Evidence of unrelated, particularly racially-charged, national events or statistic involving law enforcement is irrelevant to the issue to be determined in this case. This type of evidence has no factual connection to what occurred during this incident and it does not prove or disprove any disputed fact of consequence in the present case.

Thus, Defendants respectfully request that this type of evidence be excluded as it is irrelevant and inadmissible. Accordingly, Defendants also request that Plaintiff's

witnesses, including their expert witnesses, be admonished not to make any references to these incidents.

## III. THE PROBATIVE VALUE OF THESE UNRELATED, AND OFTEN RATIONALLY CHARGED, INCIDENTS IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNDUE PREJUDICE, MISLEADING THE JURY, AND CAUSING UNDUE DELAY AND WASTE OF TIME.

Federal Rule of Evidence 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay[] [and] waste of time . . .." Rule 403 requires the prejudice be "unfair." *U.S. v. Young* (D.S.D. 1990) 754 F.Supp. 739, 742. "Unfair" in this context means the evidence has an undue tendency to suggest to a jury decision based upon an improper basis, usually an emotional one. *Young*, supra, 754 F. Supp. at 742. Additionally, where evidence is not closely related to the issue being charged and is otherwise irrelevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. (*U.S. v. Guerrero* (9th Cir. 1984) 756 F.2d 1342, 1348; *U.S. v. Black* (9th Cir. 1994) 20 F.3d 1458, 1464).

There have been several local and national incidents involving law enforcement officers' actions that have taken center stage in the news and commented upon by the public, including actors, politicians and other public figures. Any evidence regarding unrelated, racially charged national events or statistics involving law enforcement would unduly prejudice the jury. Moreover, not only would such evidence be prejudicial to the officers in this case, it would be confusing to the jury and a waste time. There are no racial issues in this matter. If the jury were permitted to hear such evidence, there is a very real danger that the jury could associate this case somehow with those matters and therefore decide to punish defendants for those unrelated events.

There is just no room for evidence of this nature, especially when the defendant officers involved in the case had no first-hand involvement in any of those matters.

These events and media-created terminology have no probative value whatsoever, would only serve to inflame and confuse the jury and would cause severe prejudice to Defendants. These events have generated considerable negative media coverage against the City of Los Angeles and police officers in general. The concern is that jurors in this case may be influenced by the negative media coverage and that they may be induced to make an emotional decision as a result of a visceral reaction to the other alleged incidents. The jury also may feel compelled to spend their time deliberating these events and ignore the evidence relevant to this case. Such references also may cause the jury to render a decision which reflects their view of these other events. Constant reference to these events could certainly mislead the jury and could unduly prolong the trial and waste valuable judicial resources, as Defendants would be forced to rebut such evidence. Thus, the prejudicial impact of evidence of this type of evidence outweighs its probative value, if any at all, would only serve to confuse the jury and would cause an undue delay and waste of judicial resources.

If evidence of or reference to other alleged incidents were permitted, Defendants would have to bear the burden of defending themselves against not only the specific allegations of Plaintiff's action, but also against the vague, incomplete and unreliable hearsay allegations contained in the other claims. The waste of judicial time involved in holding a "mini-trial" on each and every incident cannot be justified. Further, in order to minimize the prejudicial effect of other alleged claims or lawsuits, Defendants would have to defend themselves regarding each claim and would have to call numerous witnesses to testify about matters that bear little or no relationship to the instant litigation. A number of courts, when confronted with similar evidence, have found that the waste of judicial time and resources and the danger of jury confusion has dictated the exclusion of such evidence. The admission of such evidence also would

create the potential danger for jurors to subconsciously infer that because other lawsuits or claims existed, Defendants must be liable here.

**IV. <u>EVIDENCE REGARDING THESE INCIDENTS SHOULD BE EXCLUDED UNDER FRE 404.</u>**

Furthermore, the admission of such evidence would violate a long-standing-principle embraced in both state and federal law: A person or entity accused of a particular act -- criminally or civilly -- should not be judged on the basis of other acts or incidents. Federal Rules of Evidence 404 provides in pertinent part that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." With few exceptions, such evidence is much more inflammatory and prejudicial than it is probative. Evidence or reference to anything akin to other national events and statistics would only be relevant to the proclivity and compliance with acts of those officers involved in those incidents, which have nothing to do with Defendant Officer Ramirez. Plaintiff cannot offer any evidence to support the relevance of such inflammatory testimony. Accordingly, all evidence or reference to such evidence should be excluded.

**V. <u>CONCLUSION.</u>**

For the foregoing reasons, Defendants respectfully request that the Court issue an order precluding the Plaintiff, her counsel and witnesses, including expert witnesses, from introducing any evidence relating to or reference to any other national events and/or statistics involving law enforcement.

Dated: August 26, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY**, Chief Assistant City Atty.
**CHRISTIAN R. BOJORQUEZ**, Deputy City Attorney

By: *Ty A. Ford*
**TY A. FORD**, Deputy City Attorney
*Attorneys for Defendants*, CITY OF LOS ANGELES and DANIEL RAMIREZ