**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ESMERALDA LARIOS ALVARADO,

Plaintiff,

v.

CITY OF LOS ANGELES, et al.,

Defendants.

Case No.: 2:25-cv-07136-MAR
[*Honorable Mag. Margo A. Rocconi*]

**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**

[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]

**Final Pre-Trial Conference**
Date: September 23, 2026
Time: 11:00 a.m.
**Jury Trial**
Date: October 20, 2026
Time: 09:00 a.m.

Ctrm: Roybal – Ctrm. 790

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff ESMERALDA LARIOS ALVARADO hereby moves *in limine* for an order excluding any evidence, testimony, argument, reference or inference at trial as to any information unknown to Defendant DANIEL RAMIREZ at the time of his use of excessive and unreasonable deadly force, regarding liability and damages, including:

A. **CRIMES, WRONGS, and BAD ACTS**: any criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, gang activity, drug use, threats, or fighting, by Decedent, Plaintiff or any member of their family; any neighborhood violence, gang activity, or other incidents in that area; and any history related to the subject gun including where it is from and whether it was loaded. This information was unknown to Defendant Ramiez, and nevertheless irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

B. **PERSONAL HISTORY**: any family history including relationship history, residence history, education history, disciplinary history, work history, children's history, social media history, and living arrangements related to Decedent, Plaintiff or any member of their family. All this information was unknown to Defendant Ramirz, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial.

C. **AFTER-ACQUIRED INVESTIGATORY INFORMATION**: Los Angeles Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases; and any after-acquired investigatory records including Los Angeles Police Commission finding,

Use of Force Review Board findings, Inspector General findings, Chief of Police findings, and Force Investigation Division findings; any 911 calls and any post-incident interviews with witnesses. This information and records thereof were after-acquired investigatory materials, unknown to Defendant Ramirez, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

Plaintiff will suffer specific undue prejudice if this Motion *in Limine* is not granted because all the above information was undisputedly unknown to Defendant Ramirz at the time of the incident giving rise to the above-referenced lawsuit. Further, even if the Officers claim to have suspected any such information, all this information is irrelevant or has minimal, if any, probative value, yet carries a substantial danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Ramiez is liable and the extent of damages; and includes impermissible character evidence and hearsay. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases. *See Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, Plaintiff's [Proposed] Orders, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 during which no resolution was reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

DATED: August 26, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES .................................. - 1 -**

**I. INTRODUCTION ........................................................................ - 1 -**

**II. RELEVANT FACTS ...................................................................... - 3 -**

**III. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED ......... - 6 -**

**IV. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE ............................................................................................ - 8 -**

**V. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL ... - 9 -**

**VI. THIS EVIDENCE IS INADMISSIBLE HEARSAY ........................... - 11 -**

**VII. CONCLUSION ........................................................................ - 12 -**

# TABLE OF AUTHORITIES

Cases


*Arlio v. Lively*,
474 F.3d 46 (2d Cir. 2007) ........ 11

*Blancha v. Raymark Industries*,
972 F.2d 507 (3d Cir. 1992) ........ 11

*C.B. v. City of Sonora*,
769 F.3d 1005 (9th Cir. 2014) ........ 10

*Estate of Diaz v. City of Anaheim*,
840 F.3d 592 (9th Cir. 2016) ........ 10

*Gates v. Rivera*,
993 F.2d 697 (9th Cir. 1993) ........ 8

*Glenn v. Washington Cnty.*,
673 F.3d 864 (9th Cir. 2011) ........ 6

*Graham v. Connor*,
490 U.S. 386 (1989 ........ 6

*Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) ........ 9

*Jackson v. City of Gahanna*,
2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ........ 9

*Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) ........ 9

*Larez v. City of Los Angeles*,
946 F.2d 630 n.5 (9th Cir. 1991) ........ 9

*Mason v. City of Chicago*,
631 F. Supp. 2d 1052 (N.D. Ill. 2009) ........ 11

*Palmerin v. City of Riverside*,
794 F.2d at 1414 ........ 8

*Palmquist v. Selvik*,
111 F.3d 1332 (7th Cir. 1997) ........ 7

*Rascon v. Hardiman*,
803 F.2d 269 (7th Cir. 1986) ........ 10

*Rockwell v. Yukins*,
341 F.3d 507 (6th Cir. 2003) (*en banc*) ........ 11

*Tennessee v. Garner*,
471 U.S. 1 (1985) ........ 6

*United States v. Aims Back*,
588 F.2d 1283 (9th Cir. 1986) ........ 10

*United States v. Hankey*,
203 F.3d 1160 (9th Cir. 2000) ........ 9

*United States v. Mendoza–Prado*,
314 F.3d 1099 (9th Cir. 2002) ........ 8

*United States v. Place*,
462 U.S. 696 (1983) ........ 6

*Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) ........ 10

*Wilson v. City of Chicago*,
6 F.3d 1233 (7th Cir. 1993) ........ 10

*Wilson v. Union Pacific R. Co.*,
56 F.3d 1226, 1231 (10th Cir. 1995) ........ 10

*Wisler v. City of Fresno*,
No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) ........ 7, 10

*Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272 n.* (4th Cir. 2011) ........ 7

Statutes

Fed. R. Evid. 602 ........ 10, 12

Federal Rule of Evidence 404(b)(2) ........ 8

Federal Rule of Evidence 406 ........ 8

Federal Rule of Evidence 608 ........ 8

Federal Rule of Evidence 801 ........ 12

Federal Rule of Evidence 802 ........ 12

Federal Rule of Evidence 805 ........ 12

Federal Rules of Evidence 401 ........ 6

Federal Rules of Evidence 402 ........ 6

Federal Rules of Evidence 404 ........ 8

Federal Rules of Evidence. Rule 403 ........ 9

Other Authorities

9th Cir. Mod Jury Inst. 9.27 ........ 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This §1983 civil rights and state tort case arises from the use of excessive and unreasonable force against Decedent Alexander Larios ("Larios") by City of Los Angeles Police Department ("LAPD") Officer Daniel Ramirez ("Ramirez") on June 11, 2024. The central issue is whether Officer Ramirez's use of force was excessive or unreasonable under the totality of the circumstances known to him at the time, not a hindsight attempt to justify wrongful use of force. The facts of consequence to the shooting of Larios by Officer Ramirez encompass whether Larios was an immediate threat of death or serious bodily injury, whether any warning was given, and whether there were less intrusive alternatives available. Further, the central issue in this case regarding damages is Larios's pre-death pain and suffering directly resulting from the force used against him and Plaintiff's loss of her son which was directly a result of the force used against him. Thus, inadmissible after acquired information unknown to Officer Ramirez should not be admitted by some collateral reason Defendants may argue, which creates a substantial risk that the bell cannot be un-rung and risks the jury incorrectly considering this information on liability. Plaintiff also contends that the following information has no connection with Plaintiff's claims for liability, damages, nor Defendants stated justifications for using unreasonable force.

By this Motion, Plaintiff moves to exclude any evidence, testimony, argument, or inference at trial as to (**A**) any criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, gang activity, drug use, threats, or fighting, by Decedent, Plaintiff or family members; any neighborhood violence, gang activity, or other incidents in that area; and any history related to the subject gun including where it is from and whether it was loaded ("**Crimes, Wrongs, and Bad Acts**"); (**B**) any family history including relationship

history, residence history, education history, disciplinary history, work history, children's history, social media history, and living arrangements related to Decedent, Plaintiff or family members ("**Personal History**"); and (**C**) Los Angeles Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases; and any after-acquired investigatory records including Los Angeles Police Commission finding, Use of Force Review Board findings, Inspector General findings, Chief of Police findings, and Force Investigation Division findings; any 911 calls and any post-incident interviews with witnesses ("**After-Acquired Investigation Material**").

To the extent that Defendants intend to call any witness who did not witness the shooting and are likely to testify as to information unknown to Defendant Ramirez, these witnesses should either be excluded or admonished not to testify as to information unknown to Ramirez. To the extent that Defendants intend add post-incident hearsay records to the exhibit list containing investigatory documents and information unknown to Defendant Ramirez—those items should be excluded from trial. All this information was undisputedly unknown to Officer Ramirez at the time of his use of excessive and unreasonable force against Larios, therefore rendering this information irrelevant and inadmissible also having no bearing on damages, but nevertheless is substantially outweighed by the risk of unfair prejudice, impermissible character evidence and hearsay.

The jury will determine whether the force used against Larios by Ramirez was excessive or unreasonable, and the nature and extent of damages caused by Ramiez. The analysis is limited to information known to Ramirez at the time force was used. The only information Ramirez had was from their own perceptions. No other information was considered prior to shooting Larios. Ramirez cannot justify his use of excessive force, nor attempt to minimize fair compensation for the harm he caused, with the use of unknown information that is nevertheless unduly

prejudicial, hearsay, speculative, and improper character evidence designed to taint the jury's perspective of Decedent and Plaintiff and deprive Plaintiff of a fair trial. Thus, for the following reasons, Plaintiff respectfully requests the Court issue an order excluding all irrelevant and unrelated information unknown from trial.

## II. RELEVANT FACTS

On June 11, 2024, LAPD Officers Ramirz, Mata and Cervantes were patrolling the San Fernando Gardens Public Housing Complex at approximately 8:45 pm. The officers reported seeing a black car driving in the area. Officer Cervantes made a U-turn and followed the car to obtain the license plate and conduct an electronic check on the car. The officers reported that the car accelerated away and failed to stop at a shot sign.

The officers caught up to the car to conduct a stop. Then the car pulled to the side, Larios exited the car and ran. Officer Mata saw a gun in Larios' hand and alerted the other officers. Defendant Ramiez exited the patrol vehicle and gave chase to Larios without waiting for his partners and without a plan.

As Larios was running around a building, he tripped and rolled to his feet, then kept running away. Very soon after Larios got up, Ramirez opened fire. Ramirez used excessive and unreasonable force by shooting at Larios, while he was running away, and after Larios dropped a gun and was falling to the ground. Evidence of which is obviously shown on Ramiez's body-worn camera video.

Larios never pointed the gun at anyone including Ramiez, Larios never verbally threatened anyone including Ramirez, Larios never attempted to harm anyone including Ramirez. Further, Ramirez had the opportunity to give a warning, wait for backup, use cover, and use less-intrusive means of apprehension, but failed to do so. The only information Ramiez knew was from his own perceptions – information seen and heard on his BWC video. All other information was unknown to Ramiez and should be excluded from trial.

Only what Ramiez knew at the time should be relevant to the analysis.

Here, there is no dispute that Defendant Ramirez had no knowledge as to any history related to Larios:

**Q. Did you recognize Mr. Larios from any prior contacts?**
A. No.
**Q. Did one of your partner officers run the license plate of the subject vehicle?**
A. I was unaware if they did.
**Q. Okay. So you didn't get any information about the vehicle?**
A. No.
**Q. Regarding Mr. Larios, is it fair to say that you didn't know if he was a resident of the neighborhood?**
A. Yes.

(Exh. A, Ramirez Depo at 61:9-21.)

**Q. But prior to using deadly force, did you know anything about whether or not he had a criminal history?**
A. No.
**Q. Anything about whether or not he was affiliated with a gang or anything like that?**
A. No.
**Q. Did you see anything that he was wearing that gave any indication that he was part of a gang?**
A. No.
**Q. Is it fair to say you didn't know anything about his personal history?**
A. Yes.
**Q. Did you know anything about his medical history?**
A. No.
**Q. Did you know anything about whether or not he had ever used drugs or alcohol?**
A. No.
**Q. And did you know anything about whether or not he was under the influence of drugs or alcohol at the time?**
A. No.
**Q. Did you know whether or not the gun was loaded that he had?**

A. No.
**Q. Do you know the make and model of that gun at all?**
A. At the time of the incident, no.

(Exh. A, Ramirez Depo at 62:6-63:8.)

**Q. Okay. Did Mr. Larios, to your knowledge, physically injure anyone related to this incident?**
A. No.
**Q. Did you have any information that Mr. Larios had ever physically injured anyone in the past?**
A. No.
**Q. Did Mr. Larios verbally threaten you or any other officer during this incident?**
A. No.
**Q. Did you have any information that Mr. Larios verbally threatened anyone in the past?**
A. No.
**Q. Did you ever hear Mr. Larios verbally threaten a bystander?**
A. No.
**Q. Other than when you described Mr. Larios pointing the gun at you, did you see Mr. Larios attempt to harm anyone at all?**
A. No.

(Exh. A, Ramirez Depo at 68:7-25.)

Additionally, there are three main categories of claimed damages here, (1) wrongful death damages, (2) survival damages, and (3) punitive damages. The primary focus for wrongful death damages here is the loss of Larios's love, companionship, conform, care, assistance, protection, affection, society, moral support, training, and guidance. (See Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 5.1 and 5.2; CACI 3900, 3902, 3903A, 3905, 3921, 3922.) For survival damages, the jury will consider the nature and extent of Larios's injuries; the mental, physical, and emotional pain and suffering Larios experienced prior to his death, his loss of life, and his loss of enjoyment of life. (See 9th Cir. Mod Jury Inst. 5.1 and 5.2; CACI 3900, 3905A.) For punitive damages, the jury

will consider the degree of reprehensibility of Defendant Ramirez's conduct, including whether the conduct that harmed Larios and Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. In addition, the jury will consider the relationship of any award of punitive damages to any actual harm inflicted on Larios and Plaintiff. (See 9th Cir. Mod Jury Inst. 5.5.)

Defendant Ramirez had no information as to (**A**) Crimes, Wrongs, and Bad Acts; (**B**) Personal History; or (**C**) After-Acquired Investigation Material. Defendants' refusal to stipulate to exclude information unknown reveals the risk that their evidence will distract the jury from Ramirez's wrongful conduct, confuse the issues, mislead the jury, and waste time presenting cumulative and irrelevant evidence.

## III. INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under the Federal Rule of Evidence, evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Rules 401, 402. Since the Supreme Court first elucidated the Fourth Amendment reasonableness standard in police force cases, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The clarity of hindsight cannot provide the standard for judging the reasonableness of police decisions." *Tennessee v. Garner*, 471 U.S. 1, 26 (1985). Adhering to the parameters of what the officer knew at the time of the seizure in a Fourth Amendment reasonableness analysis is of the utmost importance because it maintains an essential balance and protects both officers and the public. *See Id.* at 25-26; *United States v. Place*, 462 U.S. 696, 703 (1983). After acquired information by investigators or during discovery cannot be considered. *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011); 9th Cir. Mod Jury Inst. 9.27.

In light of how the jury will be instructed and given great weight of Supreme

Court and Ninth Circuit authority on this issue, permitting the jury to learn about facts and circumstances that Ramirez was not confronted with at the time he made the decision to use deadly force against Larios would be improper. Evidence of facts and circumstances unknown to Ramirez at the time of his use of force—including evidence of (**A**) Crimes, Wrongs, and Bad Acts; (**B**) Personal History; or (**C**) After-Acquired Investigation Material—is irrelevant and inadmissible because it was not part of the totality of the circumstances facing Ramirez. Thus, any argument that this information is relevant fails. Ramirez never met and had only limited information about Larios from what he could see and here. Notably, Ramirez never had any information that he had physically injured or verbally threatened anyone. Thus, testimony and exhibits related to the same did not play in the totality of circumstances confronting Ramirez when using force. *See Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's "criminal history and possession of illegal narcotics...are irrelevant to the excessive force analysis because, as the troopers themselves acknowledge, they 'did not know' these facts 'at the time'"—even though the facts of the incident were profoundly disputed); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008) (excluding evidence of marijuana because it was not known by defendants).

Plaintiff submits that evidence related to this unknown information does not make any material fact related to damages any more or less probable in this matter. None of Larios's history is even remotely relevant to whether Larios was excessively shot by Ramirez. Therefore, irrelevant unknown information that was not part of the totality of the circumstances facing Ramirez at the time of Ramirez's use of excessive and unreasonable force should be excluded.

## IV. THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, evidence of (**A**) Crimes, Wrongs, and Bad Acts; (**B**) Personal History; or (**C**) After-Acquired Investigation Material, cannot be used to prove that Larios acted in some general "bad character" during the incident, or will somehow act in some bad character in the future. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. Admission of any such evidence, gathered after the incident—poses a substantial danger that the jury will (1) improperly infer that Ramirez knew this information, (2) will improperly infer that Larios had the propensity to act violently towards Ramirez, and (3) will reach a verdict that does not reflect the circumstances facing Ramirez at the time and/or minimize damages on improper basis.

The aforementioned evidence cannot be used to show Larios's character or that he acted in conformity therewith. Admission of such evidence would be nothing more than a backdoor attempt to tarnish Larios's character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

## V. THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL

It is axiomatic that the evidence subject to this motion has a strong potential for unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Plaintiff submits that evidence of (**A**) Crimes, Wrongs, and Bad Acts; (**B**) Personal History; or (**C**) After-Acquired Investigation Material can only serve to unjustly inflame a jury's passions and prejudices against Larios. *See generally*, *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an excessive force case to exclude paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1 (any evidence of drug use has an obvious potential for being extraordinarily prejudicial, creating the risk of deflecting the jury's attention from the matters at issue to everyone's universally-shared concerns for drug usage in our society); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (affirming district court's ruling that barred use of the word

'heroin'); *Wisler v. City of Fresno*, 2008 WL 2954179, *5 (E.D. Cal., July 22, 2008); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of a conviction for drug possession can be highly prejudicial and arouse jury sentiment against a party).

The jury should not be misled to believe that Larios's unknown history is at issue—the jury should properly remain focused on Ramirez's conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the issue is the conduct of the police, evidence regarding what a witness at the scene of the incident thought was irrelevant and unfairly prejudicial, when the witness never disclosed the thought to the police).

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the defense regarding some unrelated crimes, criminal allegations, drugs, alcohol, or gang activity offered by the defense regarding some unrelated issues will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiff's concern is that Defendants will attempt to take every opportunity to assert irrelevant information having nothing to do with this incident and unknown to Ramirez, from as many witnesses as possible to inflame the passions of the jury against Larios, depriving Plaintiff of a fair trial. *See Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993) (jury should not be whipped into a frenzy of hatred against plaintiff); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *cf. Rascon v. Hardiman*, 803 F.2d 269, 278 (7th Cir. 1986) (affirming exclusion of excessive force decedent's mental health history, even though officers argued it justified their actions in subduing him, because of danger jury would conclude subduing was reasonable based on status rather than conduct at the time). This evidence is likely to mislead and confuse the jury into reaching a verdict that reflects consideration of hindsight evidence as a reason justifying the use of force on an improper basis. *See*,

*e.g.*, *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff."). This inflammatory evidence is likely to mislead and confuse the jury into reaching a verdict that reflects its consideration of unrelated crimes, wrongs, bad acts and post-incident investigatory hindsight evidence, as a reason justifying the use of force on an improper basis.

Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). Here, the central factual dispute is whether Larios posed an immediate threat of death or serious bodily injury when Ramirez used excessive and unreasonable deadly force against him while he was moving away, dropped the gun, and falling to the ground. Refuting the inferences from information unknown will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To rebut Defendants' character evidence, Plaintiff will be forced to call witnesses to rehabilitate the jurors' view of him which will unduly consume this Court's and the jury's time and resources. Accordingly, Plaintiff respectfully requests that the Court also exclude evidence, reference, and argument regarding information unknown under Rule 403.

## VI. THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude any and all documentary evidence in

support of the aforementioned information unknown, including the post-incident reports, and recordings of interviews are inadmissible hearsay (multiple layers) without exception under Federal Rule of Evidence 801, 802, and 805. Given that this present Motion pertains to information unknown to Ramirez, he cannot testify to this information based on personal knowledge. Fed. R. Evid. 602. Thus, to the extent that the information Defendants intend to introduce would be through admission of hearsay statements and documents, it should also be excluded. Investigative documents were all made from out of this court, and Defendants impermissibly intend to offer them for the truth of the matter asserted.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding information unknown to Ramriez from trial.

Respectfully submitted,

DATED: August 26, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich,
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff certifies that this brief contains 3,707 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

DATED: August 26, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff. I make this declaration in support of Plaintiff's Motion *in Limine* to Exclude Information Unknown. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. This motion is made following a conference of counsel pursuant to L.R. 7-3, during which no resolution was reached.

3. Attached hereto as "**Exhibit A**" is a true and correct copy of relevant portions of Defendant Officer Daniel Ramirez April 29, 2026 deposition testimony ("**Exh. A, Ramirez Depo**").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of August, 2026.

Marcel F. Sincich