**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ESMERALDA LARIOS ALVARADO,

Plaintiff,

v.

CITY OF LOS ANGELES, et al.,

Defendants.

Case No.: 2:25-cv-07136-MAR
[*Honorable Mag. Margo A. Rocconi*]

**[PROPOSED] ORDER GRANTING PLAINTIFF'S NOTICE OF MOTION AND AMENDED MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN**

**Final Pre-Trial Conference**
Date: September 23, 2026
Time: 11:00 a.m.

**Jury Trial**
Date: October 20, 2026
Time: 09:00 a.m.

Ctrm: Roybal – Ctrm. 790

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 1 to Exclude Information Unknown, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED. It is hereby excluded from trial any evidence, testimony, argument, reference or inference at trial as to any information unknown to Defendant Ramirez at the time of his use deadly force, regarding liability and damages, including:

A. **CRIMES, WRONGS, and BAD ACTS**: any criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, gang activity, drug use, threats, or fighting, by Decedent, Plaintiff or any member of their family; any neighborhood violence, gang activity, or other incidents in that area; and any history related to the subject gun including where it is from and whether it was loaded. This information was unknown to Defendant Ramiez, and nevertheless irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

B. **PERSONAL HISTORY**: any family history including relationship history, residence history, education history, disciplinary history, work history, children's history, social media history, and living arrangements related to Decedent, Plaintiff or any member of their family. All this information was unknown to Defendant Ramirz, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial.

C. **AFTER-ACQUIRED INVESTIGATORY INFORMATION**: Los Angeles Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases; and any after-acquired investigatory records including Los Angeles Police Commission finding, Use of Force Review Board findings, Inspector General findings, Chief of Police

findings, and Force Investigation Division findings; any 911 calls and any post-incident interviews with witnesses. This information and records thereof were after-acquired investigatory materials, unknown to Defendant Ramirez, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801; *see Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

**IT IS SO ORDERED.**

DATED: ______________________

______________________________
Honorable Margo A. Rocconi
United States Magistrate Judge