**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESMERALDA LARIOS ALVARADO,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No.: 2:25-cv-07136-MAR<br>[*Honorable Mag. Margo A. Rocconi*]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 2 TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MERELY FOR FLEEING**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**<u>Final Pre-Trial Conference</u>**<br>Date: September 23, 2026<br>Time: 11:00 a.m.<br>**<u>Jury Trial</u>**<br>Date: October 20, 2026<br>Time: 09:00 a.m.<br><br>Ctrm: Roybal – Ctrm. 790 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff ESMERALDA LARIOS ALVARADO hereby moves *in limine* for an order excluding the testimony that it is permissible to shoot a man merely for fleeing including:

Testimony that it would be appropriate to use deadly force against Larios merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to take a hostage, no pointing of the gun – just running away with a gun in hand yet still an imminent threat of death or serious bodily injury. Any such testimony or argument would be inconsistent with the law, would be inconsistent with the facts, and any such testimony or argument would confuse the jury, mislead the jury, and unduly prejudice Plaintiff. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, and 702; and *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).

Plaintiff based this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motion *in Limine* No. 2 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3, during which no resolution was reached. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

Dated: August 26, 2026, **LAW OFFICE OF DALE K. GALIPO**

By /s/ *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights action arises from the excessive and unreasonable shooting of Decedent Alexander Larios ("Larios") by City of Los Angeles Police Department ("LAPD") Officer Daniel Ramirez ("Ramirez") on June 11, 2024. In pertinent part, after a vehicle pullover for a minor traffic violation, during a foot pursuit in which Larios was running away with a gun in hand, Larios never pointed a gun at anyone, never make a furtive movement with the gun, was not looking at Ramirez who was in pursuit, and did not verbally threaten anyone, yet Ramirez fired four rounds at Larios, without warning, including while he was moving away, falling to the ground, and after dropping the gun. Larios was shot in the back after Ramirez failed to de-escalate, failed to attempt less-intrusive alternatives, and while Larios did not pose an immediate threat of death or serious bodily injury.

Defendants may argue, although never seen in the videos, that Larios pointed the gun at Ramirez making him a deadly threat to justify their use of deadly force. During a foot pursuit, Ramirez claimed that Larios pointed the gun several times, but he chose not to shoot him until the last time. Ramirez's story lacks credibility because Larios is never seen pointing a gun on video.

Therefore, Defendants may attempt to excuse Ramirez's use of excessive and unreasonable deadly force based on the subjective fear of future harm, not an immediate deadly threat. Defendants must not be permitted to suggest that it is permissible to use deadly force against Larios merely for fleeing, because Larios was not facing Ramirez when he shot in the back and had never pointed the gun. In fact, at the time of the killing shot, Plaintiff had already discarded the gun.

By way of this Motion *in Limine*, Plaintiff moves to exclude any argument or testimony that it would be permissible to use deadly force against a person merely for fleeing, even with a gun in hand, which is inconsistent with the law.

## II. LEGAL STANDARD

Defendant Ramirez's use of excessive deadly force is analyzed under the Fourth Amendment's objective reasonableness standard, which, questions "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989). The *Graham* test applies "the clear principle that the force used to make an arrest must be balanced against the need for force." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1025 (9th Cir. 2015) (*citing Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007)). It is a careful balance of "the nature of the harm and quality of the intrusion" on Larios's rights "against the countervailing governmental interests at stake." *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010); *see also Scott*, 550 U.S. at 383-84; *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002).

The use of deadly force must be balanced against the purported need for it. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946-47 (9th Cir. 2017); *see also Glenn*, 673 F.3d at 871; *Bryan*, 630 F.3d at 823. The government interest factors include (1) the severity of crime at issue, (2) whether the subject posed an immediate threat of death or serious physical injury, (3) whether there is attempt to evade, (4) the availability of alternative methods, and (5) whether a warning was given. *See Graham*, 490 U.S. at 396; *Smith*, 394 F.3d at 701-02; *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021); *Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017); *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012)). Deadly force is only permissible in the most limited circumstances—when *necessary* to prevent death or serious bodily injury. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985); Pen. Code §835a. There are many other factors that can also be taken into consideration of the totality of the circumstances, but the law and jury instructions clearly require that there be "an immediate threat of death or serious bodily injury" to use deadly force (Ninth Circuit Model Jury Instruction No. 9.27), or "deadly force was necessary to defend against an imminent threat of death or serious bodily harm"

(imminent being "present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person") (CACI Nos. 441 & 1305B).

## III. ARGUMENT OR OPINION THAT IT WOULD BE PERMISSIBLE TO USE DEADLY FORCE IF LARIOS WAS NOT POINTING THE GUN WOULD BE INCONSISTENT WITH THE LAW SHOULD BE EXCLUDED FROM TRIAL

Defendants should be precluded from testifying as to any opinions regarding whether it was permissible to use deadly force against Larios if Larios did not point the gun at Ramirez. Larios was not fleeing from a felony that threatened death or serious bodily injury, Larios did not point the gun at anyone including bystanders, Larios did not threaten to harm anyone including bystanders, Larios did not attack anyone including bystanders, Larios did not attempt to take a hostage, and Larios did not attempt to go into any building—he was just trying to get away not harm anyone. Defendants should be precluded from arguing that it would be permissible to use deadly force against Larios while fleeing with a gun because of what could possibly occur in the future. "An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm." Pen. Code §835a(e)(2). An officer's subjective fear alone is insufficient to use deadly force. Clearly, subjective fear that some unknown bystander, in some unknown area, may be potentially harmed at some unknown time in the future, is irrelevant to the analysis and substantially risks unfair prejudice, confusion, and misleading the jury. Fed. R. Evid. 401, 403.

Any testimony or argument regarding fleeing a felony would be illogical, confusing and misleading. Ramirez's testimony reflects his unreasonable belief that Larios was a threat to them. Yet, there are no objective facts known to Defendant Ramirez in this matter that would lead a reasonable officer to believe that Larios

would cause death or serious bodily injury to some unknown person in the community if not *immediately* apprehended.

The law has long been established by the Supreme Court of the United States, "there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). The Court does not deny the practical difficulty in attempting to assess the suspect's dangerousness, but difficult judgments must be made by the police. *Id.* at 20. "To determine the constitutionality of a seizure 'we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.* at 8. This case should remain focused on the reasonableness of Ramirez's conduct, not whether there was a felony committed sometime in the past or whether some unknown speculative hypothetical bystanders would be threatened in the future.

"'An expert's opinions that are without factual basis and are based on speculation or conjecture'" are inappropriate. *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181 (9th Cir. 2010), *on reh'g en banc sub nom. California ex rel. Harris v. Safeway, Inc.*, F.3d 118 (9th Cir. 2011) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri P.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Defendants' fleeing felon testimony is not based on identifiable facts in evidence, but on a string of speculations—what could possibly happen in the future, not what was happening that Ramirez needed to immediately confront. "When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it

cannot support a jury's verdict." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993).

Defendants' possible theory is inconsistent with Ninth Circuit and Supreme Court authority and cannot be permitted at trial. The fact that a suspect has a deadly weapon does not render the use of deadly force reasonable. *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Glenn v. Washington County*, 673 F.3d 864, 872-73 (9th Cir. 2011); *see also Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) ("Law enforcement officials may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because they are armed."); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991) (holding that deadly force was unreasonable where the decedent possessed a gun but was not pointing it at the officers and was not facing the officers when they shot him).

The crux of Defendants' speculative opinion is as follows: a man running away from the police with a gun in hand *could possibly* turn and face the officer and fire the weapon at the officer or *could possibly* take a hostage or harm some *unknown* person in the undetermined future. Thus, the officer may lawfully *eliminate the speculative possibility* of the unknown subjective threat before it occurs by shooting the subject in the back. Therefore, under Defendants' dangerous theory – every time the police encounter a person with a gun, just because the person *could choose* to do something unknown with the gun, the officer can use deadly force potentially killing the person even if the person makes no movement that would indicate a willingness (apparent intent) to use the gun on any person. This is dangerous proposition that seriously threatens future violations of the Second and Fourth Amendments of the United States Constitution and leading to the unnecessary death or serious bodily injury to undeserving persons.

Admission of this evidence through Defendant Ramirez or his expert risks unfair prejudice, is irrelevant, impermissible character evidence, and results in unreliable expert opinion. See Fed. R. Evid. 401, 403, 404, 702. Thus, Defendants'

testimony and opinions should be excluded as irrelevant, posing a substantial danger of unfair prejudice, confusing the issues, and misleading the jury, unreliable and unhelpful. Accordingly, Defendants' anticipated testimony should be excluded from trial.

## IV. CONCLUSION

Defendants potential argument or opinions will not help the jury in resolving the issues, are not based on sufficient facts, nor are they the product of reliable principles and methods, risk unfair prejudice, and will mislead the jury because they contradict the law. Therefore, any argument or testimony that Larios was a fleeing felon or otherwise stating that he was permissible to use deadly force while Larios was fleeing with a gun, even prior to or after making any so-called furtive move, should be excluded from trial.

Respectfully submitted,

Dated: August 26, 2026, **LAW OFFICE OF DALE K. GALIPO**

By ________ */s/ Marcel F. Sincich* ________
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 1,850 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: August 26, 2026, **LAW OFFICE OF DALE K. GALIPO**

By ________/s/ *Marcel F. Sincich*________
Dale K. Galipo
Marcel F. Sincich
*Attorneys for Plaintiff*