**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ESMERALDA LARIOS ALVARADO,
Plaintiff,
v.
CITY OF LOS ANGELES, ET AL.,
Defendants.

Case No. 2:25-cv-07136-MAR

**ORDER RE: JURY TRIAL**

**A. SETTLEMENT PROCEEDINGS**

Pursuant to Local Rule 16-15, the parties must participate in a settlement conference/ADR procedure. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference. If a settlement is reached, it shall be reported immediately to this Court as required by L.R. 16-15.7. The parties shall file a Joint Report regarding the outcome of settlement negotiations, the likelihood of possible further negotiations, and any assistance the Court may provide concerning settlement negotiations within five (5) days after the settlement conference.

///

**B. FINAL PRETRIAL CONFERENCE**

1. Presence of Lead Trial Counsel

The Court has set the Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8. The Court requires strict compliance with Federal Rules of Civil Procedure 16 and 26 and Local Rule 16. Each party appearing in this action, except Pro Se Litigants, must be represented at the FPTC by lead trial counsel. All unserved parties will be dismissed at the time of the FPTC pursuant to Local Rule 16-8.1.

2. Matters to be Discussed During FPTC

All parties are instructed to read and to follow (unless otherwise stated herein) Central District of California Local Rules 16-1 through 16-15 regarding pre-trial requirements. Counsel shall be prepared to discuss at the FPTC all matters relating to trial, including, but not limited to:

- the witnesses all parties intend to call during their respective cases, and the amount of time necessary for direct and cross examination of each witness;
- any anticipated problems in scheduling witnesses;
- efforts made to streamline the trial, including agreeing to testimony by deposition excerpts or summaries, stipulating to facts, and stipulating to an expert's qualifications;
- any evidentiary issues, including anticipated objections under Rule 403 and objections to exhibits;
- jury selection procedures;
- all pretrial motions, including motions in limine, to bifurcate, and to sever;
- any disputed jury instructions, and the form of the instructions which will be given to the jury at the outset of the case, i.e., before opening statements and presentation of evidence;

- whether any counsel intends to use any evidence or demonstrative aid in opening statement; and
- motions to exclude witnesses from the courtroom during trial testimony.

3. Requests for Audio/Visual Equipment

The court provides audio/visual equipment for use during trial. The parties are encouraged to use it. More information is available at: https://www.cacd.uscourts.gov/attorneys/courtroom-technology. If counsel for any party needs to arrange for the installation of their own equipment, such as video monitors, notebooks, or projection equipment, counsel shall notify the Courtroom Deputy Clerk (CRD) no later than seven (7) days before trial so that the necessary arrangements can be made.

4. Final Pretrial Conference Order

A proposed Final Pretrial Conference Order ("Proposed FPTCO") shall be filed and emailed to Chambers at least seven (7) days before the FPTC. A template for the Proposed FPTCO is appended to this Order. In specifying the pleadings under section I, the parties are to state which claims or counterclaims have been dismissed or abandoned (e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."). Additionally, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, the parties are to specify to which party or parties each claim or counterclaim is directed.

In drafting the Proposed Final Pretrial Conference Order, the parties shall make a good faith effort to agree on and set forth as many uncontested facts as possible. The Court may read the uncontested facts to the jury at the start of the trial. A carefully drafted and comprehensively stated statement of uncontested facts will shorten the trial and generally increase jury

understanding of the case. The remaining triable issues of fact section on the Proposed FPTCO should track the elements of a claim or defense on which the jury will be required to make findings. Counsel should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues (i.e., "was the defendant negligent?"; "was such negligence the proximate cause of injury to the plaintiff?"; not, "was the defendant driving the vehicle west on Hill Street at 9:00 p.m. on January 1?").

The "Issues of Law" section should state legal issues upon which the Court will be required to rule after the Pretrial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

The Final Pretrial Conference Order is the parties' agreement with the Court regarding the claims, defenses, and issues that will be tried during trial, as well as the facts that are not in dispute. Each party should ensure that it is accurate.

## C. TRIAL PREPARATION

The parties must comply with Local Rule 16. Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person forty (40) days in advance to prepare for the FPTC. The parties must comply with Local Rule 16-2, except where the requirements set forth in this Order differ from or supplement those contained in Local Rule 16. The Court may take the FPTC and trial off calendar or impose other sanctions for failure to comply with these requirements.

1. Filing Schedule

**The filing schedule for pretrial documents is as follows:**

Twenty-one (21) days prior to the Final Pretrial Conference:

- Motions in Limine
- Memoranda of Contentions of Fact and Law

- Witness Lists
- Joint Exhibit List

<u>Fourteen (14) days before the Final Pretrial Conference:</u>

- Oppositions to Motions in Limine

<u>Seven (7) days before the Final Pretrial Conference:</u>

- Optional replies in support of Motions in Limine
- Proposed Final Pretrial Conference Order
- Joint Agreed Upon Proposed Jury Instructions
- Disputed Proposed Jury Instructions
- Joint Proposed Verdict Form
- Joint Proposed Statement of the Case
- Proposed additional voir dire questions, if desired
- Trial Briefs

All pretrial documents listed above, including any amended documents, shall be filed and emailed to chambers the day set forth in the schedule that they are due. The parties shall provide two Chambers Copies of all of the above. Chambers copies must be delivered in a "binder-ready" state, meaning they must be three-hole punched on the left side, without blue-backs.

2. <u>Requirements for Pretrial Documents</u>

**a. Motions in Limine**

Motions in limine will be heard and ruled on at the FPTC. The court may rule orally instead of in writing. Each side is limited to five (5) motions in limine, unless the court grants leave to file additional motions. Motions in limine and oppositions must not exceed ten (10) pages in length. Before filing a motion in limine, the parties must meet and confer to determine whether the opposing party intends to introduce the disputed evidence, and to attempt to reach an agreement that would obviate the need for the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay").

Motions in limine should not be disguised motions for summary adjudication of issues.

**b. Witness Lists**

Witness lists must be in the format specified in Local Rule 16-5, and must include for each witness (i) a brief description of the testimony, (ii) the reasons the testimony is unique and not redundant, and (iii) a time estimate in hours for direct and cross-examination.

**c. Joint Exhibit List**

The Joint Exhibit List must be in the format specified in Local Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections.

**d. Jury Instructions**

The parties shall make every effort to agree upon jury instructions before submitting proposals to the Court. The Court expects the parties to agree on most instructions, particularly when pattern or model jury instructions exist and provide a statement of applicable law. If one party fails to comply with the provision of this section, the other party must file a unilateral set of jury instructions.

Each party shall also file its proposed jury instructions that are objected to by any other party. Each disputed instruction must have attached a short statement (one or two paragraphs), including points and authorities, in support of the instruction and a brief statement, including points and authorities, in support of any objections. If applicable, a proposed alternative instruction must be provided.

When the *Manual of Model Jury Instructions for the Ninth Circuit* provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this

case. Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI").

Counsel must provide an index of all instructions submitted, which must include the following:

i. the number of the instruction;
ii. the title of the instruction;
iii. the source of the instruction and any relevant case citations; and
iv. the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15.U.S.C. §1127) | 9th Cir. 8.5.1 | 1 |

The parties shall file clean and redline sets of their (1) Joint Agreed Upon Proposed Jury Instructions, and (2) Disputed Jury Instructions. The redline sets shall include all modifications made by the parties to pattern or model jury instructions, any disputed language, and the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially.

If there are excessive or frivolous disagreements over jury instructions, the Court will order the parties to meet and confer immediately until they substantially narrow their disagreements.

**e. Joint Verdict Form**

The parties shall make every effort to agree on a general or special verdict form before submitting proposals to the court. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms," which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline" of any disputed language; and (iii) the

factual or legal basis for each party's respective position. The Court may opt to use a general verdict form if the parties are unable to agree on a special verdict form.

**f. Joint Statement of the Case**

The parties must file a Joint Statement of the Case for the Court to read to prospective jurors before commencement of voir dire. The joint statement should be brief and neutral and should not be more than one page in length.

**g. Voir Dire**

The court will conduct the initial voir dire. The parties may, but are not required to, file any proposed case-specific voir dire questions for the Court's consideration. If it considers the questions proper, the Court will pose the questions to the prospective jurors. The court will then allow brief voir dire by counsel.

Generally, a jury in a civil action will consist of eight (8) jurors. In most cases, the Court will seat sixteen (16) prospective jurors in the jury box and conduct voir dire. Each side has three (3) peremptory challenges. If 16 jurors are seated in the box and all 6 peremptory challenges are exercised, the remaining 8 jurors will constitute the jury panel. If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest numbered seats will be the jury. All challenges for cause shall be made at sidebar or otherwise outside the prospective jurors' presence. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all 6 peremptory challenges are exercised, the Court may decide to proceed with 6 or 7 jurors.

**D. TRIAL**

1. Trial Schedule

Trial days are generally Monday through Friday from 9:00 a.m. to 5:00 p.m. When necessary, trial may continue beyond the normal schedule. If this

schedule will be problematic due to the unavailability of witnesses, counsel should provide details to the Court at the pretrial conference, or as soon as any potential scheduling problem arises. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Counsel must be prepared to go on the record each day at 8:30 a.m. Before trial begins each day, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues. During trial, if there are any matters to be discussed outside the presence of the jury, counsel must advise the CRD of the request. The Court discourages sidebars during trial.

If any counsel has reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury, so that there is no interruption of the trial. The Court will not keep jurors waiting.

2. Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the Court in three-ring binders. The parties shall submit to the Court three (3) sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the copies are for the Court. The parties should prepare additional copies of exhibits for their own use and for use by witnesses. The parties must review the exhibit list and exhibit binders with the CRD before the admitted exhibits will be given to the jury. All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or

dividers on the right side. Exhibits shall be numbered sequentially (1, 2, 3, etc., not 1.1, 1.2, etc.). See Local Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate Plaintiff's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

The original exhibits shall bear the official exhibit tags (yellow tags for Plaintiff's exhibits and blue tags for Defendant's exhibits) stapled to the front of the exhibit on the upper right corner with the case number, case name, and exhibit number placed on each tag. Tags may be obtained from the Clerk's Office, or the parties may print their own exhibit tags using Forms G-14A and G-14B.

The copies of exhibits must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers on the right side. In addition to the three (3) sets of binders above, the parties must also submit to the court a USB flash drive containing .pdf versions of all exhibits. Plaintiff's exhibits must be placed in a separate folder from Defendant's exhibits, and the document file names must include the exhibit number and a brief description of the document, for example: "Ex. 1 - Smith Declaration.pdf" or "Ex. 105 - Letter Dated 1-520.pdf."

The Court will not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom. The parties must meet and confer before trial to stipulate as much as possible to foundation, waiver of the best evidence rule, and exhibits that may be received into evidence at the start of the trial. All such exhibits should be noted as admitted on the Court and CRD's copy of the exhibit list.

Each counsel should keep counsel's own list of exhibits and should note when each has been admitted into evidence. Any exhibit not previously

marked should, at the time of its first mention, be accompanied by a request that the CRD mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in court.

3. <u>Depositions</u>

Any excerpts of deposition transcripts to be used at trial, either as evidence or for impeachment shall be presented to the CRD on the first day of trial and lodged for the Court's use. The original, signed depositions must be lodged. The parties must use their own copies during trial.

In using depositions of an adverse party for impeachment, either one of the following procedures may be used:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel must first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved. Counsel may either ask the witness further questions on the matter and then read the quotations, or read the quotations and then ask further questions. Counsel should have an extra copy of the deposition for this purpose.

## <u>E. CONDUCT OF ATTORNEYS AND PARTIES</u>

1. <u>General Conduct and Decorum</u>

The parties must continue to meet and confer on all issues that arise during trial. The Court will not rule on any such issue unless the parties have attempted to resolve it first.

Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections as to that witness.

Counsel should not approach the CRD, the jury box, or the witness stand without specific permission. If permission is given, counsel should return to the lectern when the purpose has been accomplished.

Counsel and parties should rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom. Counsel should rise when making an objection, state "objection" and a very brief ground for the objection, such as "calls for hearsay," "improper impeachment," "calls for speculation," "calls for a legal conclusion," etc. Counsel should refrain from making "speaking" objections, where a more drawn-out explanation is given in front of the jury. If the Court believes an explanation is needed for the objection, the Court will ask the objecting party to give a brief explanation of the grounds for the objection. If the Court believes an explanation may be needed for evidence or testimony objected to, the Court will ask for a brief "offer of proof" from the party opposing the objection.

Counsel must address all remarks to the Court. Counsel must not address the CRD, court staff, persons in the audience, or opposing counsel, absent permission from the Court.

Counsel should not address or refer to witnesses or parties by first name alone.

Counsel must not offer a stipulation unless counsel has previously conferred with opposing counsel and verified that the stipulation will be acceptable.

Counsel must not leave counsel table to confer with any person in the courtroom without the Court's permission.

Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness, argument by opposing counsel, or ruling of the Court. Counsel shall instruct their clients and witnesses not to engage in such conduct.

Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

2. Punctuality

The Court makes every effort to begin proceedings at the time set. Accordingly, punctuality is expected from counsel and witnesses. Once counsel are engaged in trial, the trial is counsel's first priority. The Court will not delay the trial and inconvenience jurors except under extraordinary circumstances.

If a witness was on the stand at a recess or adjournment, counsel must have the witness back on the stand, ready to proceed, when the court session resumes.

Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that party to have rested.

The Court attempts to accommodate witnesses by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

The Court thanks the parties and their counsel for their anticipated cooperation.

IT IS SO ORDERED.

Dated: August 31, 2026

MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE

[TEMPLATE]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAME,<br><br>Plaintiff,<br><br>v.<br><br>NAME,<br><br>Defendant. | Case No. -MAR<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date:<br>Final Pretrial Conference: |

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## I. THE PARTIES AND PLEADINGS

## II. JURISDICTION

It is stipulated that subject matter jurisdiction over this action exists under 28 U.S.C. § ___, and venue is proper in this District and this Division pursuant to 28 U.S.C. § ___.

## III. TRIAL DURATION

The trial is estimated to take ___.

## IV. JURY TRIAL

The trial is to be a jury trial.

Plaintiff and Defendant shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than ___.

## V. ADMITTED FACTS

The following facts are admitted and require no proof:

## VI. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

## VII. PARTIES' CLAIMS AND DEFENSES

**Plaintiff's Claims**:

a. Plaintiff plans to pursue the following claims against Defendant:

**Claim 1:**

**Claim 2:**

b. The elements required to establish Plaintiff's claims are:

**Claim 1:**

**Claim 2:**

c. Key Evidence Plaintiff Relies on for Each Claim

**Claim 1:**

**Claim 2:**

**Defendant's Affirmative Defenses:**

a. Defendant plans to pursue the following affirmative defenses:

**Defense 1:**

**Defense 2:**

b. The elements required to establish Defendant's affirmative defenses are:

**Defense 1:**

**Defense 2:**

## VIII. REMAINING TRIABLE ISSUES

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

## IX. DISCOVERY

All discovery is complete.

## X. DISCLOSURES AND EXHIBIT LIST

All disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List"). In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

## XI. WITNESS LISTS

Witness lists of the parties shall be filed with the Court not later than ___.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

## XII. MOTIONS IN LIMINE

Motions *in Limine* or law and motion matters shall be filed with the Court not later than ___. The parties have met and conferred on the motions *in limine*. The following motions *in limine*, and no others, are pending or contemplated:

## XIII. BIFURCATION

Bifurcation of the following issues for trial is ordered.

## XIV. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED:

HON. MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE